IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THEODORE GREER                                              PLAINTIFF

v.                                No. 4:12-cv-473-DPM

CRACKER BARREL OLD
COUNTRY STORE INC.                                        DEFENDANT

## ORDER

Mr. and Mrs. Greer eat regularly at the Cracker Barrel in Conway. He
is an older gentleman who uses a cane. In the summer of 2012, he fell and
was injured at the restaurant. As the Greers were being taken to their table,
Mr. Greer put his cane down on a greasy spot. The cane slipped, and he had
a bad fall. Neither of the Greers saw the spot before or after the accident.
Neither of them knows what was on the floor. Another patron at a table
nearby had noticed that the area was slippery when he sat down with his
family about fifteen minutes before the accident. This witness had experience
in the restaurant business. He surmised on deposition that something had
been spilled, and then cleaned up poorly, leaving a greasy film on the floor.
№ 14-3 at 2. The patron did not alert restaurant staff—no opportunity to do
so, he said, presented itself. After the fall, the Cracker Barrel manager on duty
helped Mr. Greer, had the area cleaned up, and then investigated. She

testified by affidavit that neither she nor any other employee knew about the greasy spot before the accident.  She also said no employee had spilled anything, or done any work (such as mopping), that might have left a slick spot in the fall area.  She also explained that Cracker Barrel employees are trained to clean up spills immediately and try to do so diligently.  *№ 10-1 at 19–20.*

Cracker Barrel requests summary judgment, while Mr. Greer asks to present his case to a jury.  The Court has recited the facts that are either undisputed or taken in the light most favorable to Mr. Greer.  *№ 12 & 17; Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010).  The parties in this diversity case agree on the settled and controlling Arkansas law.  Cracker Barrel, like all who invite the public in for business, must exercise ordinary care to maintain its premises in a reasonably safe condition. To get before a jury, Mr. Greer must show a material fact question about one of two things: that the greasy spot resulted from Cracker Barrel's negligence; or that the floor had been slick for so long that Cracker Barrel knew, or should have known, the spot was there and failed to use ordinary care to clean it up.

*Bank of Malvern v. Dunklin*, 307 Ark. 127, 129, 817 S.W.2d 873, 874 (1991); *see generally*, Ark. Model Jury Instructions, Civil § 1106 (2014).

On this record, Cracker Barrel is entitled to judgment as a matter of law. Mr. Greer's fall was unfortunate.   The fact that this accident happened, though, is not evidence that Cracker Barrel was negligent. *Mahan v. Hall*, 320 Ark. 473, 477, 897 S.W.2d 571, 573 (1995).  Mr. Greer has offered no proof that a Cracker Barrel employee either spilled something or failed to clean up a spill properly.  Both are possibilities, of course, but so are a spill or an imperfect wipe by a customer.  No evidence appears that a Cracker Barrel employee knew about the slick spot—no one has testified, for example, that the host or hostess slipped or noticed some greasy film on the floor as the Greers were being led to their table.  The patron who saw the spot before the fall is clear that he never got the chance to tell a restaurant employee about it.  Finally, there's the length-of-time point.  The presence of this greasy spot for approximately fifteen minutes was not long enough to create a jury question on whether Cracker Barrel should have known about it.  Mr. Greer has not offered any evidence that the restaurant's floor was slick for a "substantial" period as that term is defined by the Arkansas precedent. *E.g., Mankey v. Wal-*

*Mart Stores, Inc.*, 314 Ark. 14, 17–20, 858 S.W.2d 85, 87–88 (1993)(ten minutes

insufficient); *Johnson v. Arkla, Inc.*, 299 Ark. 399, 402–403, 771 S.W.2d 782,

783–784 (1989)(two hours insufficient); *Safeway Stores, Inc. v. Willmon*, 289 Ark.

14, 15, 708 S.W.2d 623, 625 (1986)(one hour and fifteen minutes insufficient).

Cracker Barrel's motion for summary judgment, № *10*, is granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_18 April 2014_